## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation;<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE SEARCH PEOPLE ENTERPRISES LTD., a British Columbia Canada, corporation; MEHTABJIT SINGH TEJA, a/k/a RONNIE TEJA, an individual; and DOES 1–10,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-1113-TL<br><br>**STIPULATED PROTECTIVE ORDER** |

**1.      PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle

parties to file confidential information under seal. The availability of protection pursuant to this Stipulated Protective Order does not preclude a party from withholding information protected by any applicable privilege. Nothing in this Stipulated Protective Order shall restrict in any way the right of a Producing Party to disclose or make use of its own documents or Discovery Material. Under LCR 26(c)(2), the parties began with the District's Model Protective Order, and have identified departures from the model in a redlined copy, attached as Exhibit 1.

**2.      DEFINITIONS**

2.1     Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.2     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.3     Designating Party:  A Party, Non-Party, person, or entity designating documents or information as Protected Information under this Order.

2.4     Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5     Expert:  A person with specialized knowledge or experience in an area pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6     In-House Counsel:  Attorneys (and their support staff, including legal secondees and economists) who are employees or contractors of a Party and whose responsibilities include overseeing, working on, or supporting this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8     Outside Counsel of Record:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party in this action.

2.9     Party:  Any Party to this action, including all its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.10    Producing Party:  A Party or Non-Party that produces Discovery Material in this action.

2.11    Protected Material:  Any Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.12    Receiving Party:  A Party that receives Discovery Material from a Producing Party.

**3.     PROTECTED MATERIAL**

3.1     "CONFIDENTIAL" Material:  Documents and tangible things that may be produced or otherwise exchanged that the Designating Party reasonably believes contain, describe, or disclose sensitive, non-public, confidential information, such as (a) court records, whether in this District or other courts, currently maintained under seal; (b) information subject to a non-disclosure or confidentiality agreement; (c) employee personnel information; (d) either Party's financial or accounting information; (e) either Party's commercially sensitive internal communications or information; (f) either Party's business negotiations, transactions, and dealings with third parties; (g) either Party's trade secrets or competitive or strategic initiatives that are not readily ascertainable and for which the Designating Party has taken reasonable steps to maintain confidentiality; or (h) Non-Party commercially sensitive information.

3.2     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material: Extremely sensitive materials that qualify as "CONFIDENTIAL" and that the Designating Party

reasonably believes contain highly sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a risk of competitive or commercial disadvantage to the Designating Party.

**4.    SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their Counsel, Non-Parties, and/or Experts that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**5.    ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Material only to:

(a)    the Receiving Party's Outside Counsel of Record, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-CV-1113-TL  - 4

    (c) Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court, court personnel, and court reporters and their staff;

    (e) copy, imaging, document management, and electronic discovery services retained by Counsel to assist in the management of Confidential Material, provided that counsel for the Party retaining such services instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  5.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material.</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Highly Confidential – Attorney's Eyes Only Material only to:

    (a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the procedure in Paragraph 5.4;

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-CV-1113-TL  - 5

(c) the court and its personnel;

(d) court reporters and their staff; professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) employees of the Producing Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A; and

(g) copy, imaging, document management, and electronic discovery services retained by Counsel to assist in the management of Highly Confidential – Attorneys' Eyes Only Material and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A, provided that counsel for the Party retaining such services instructs the service not to disclose any Highly Confidential – Attorneys' Eyes Only Material to third parties and to immediately return all originals and copies of any Confidential Material.

5.4  <u>Filing Protected Material</u>. Before filing Protected Material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the Designating Party must identify the basis for sealing the specific protected information at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.  A Party who seeks to maintain the designation must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal.

Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

      5.5    <u>Disclosure of Protected Material at Hearings</u>. In the event a person receiving Protected Material intends to use Protected Material in any pre-trial hearing or proceeding open to the public, such person shall give the Designating Party at least three (3) days' written notice or, when advance notice is not possible, alert the Court and the Designating Party at the beginning of the hearing or proceeding to such intended use of Protected Material.

**6.    DESIGNATING PROTECTED MATERIAL**

      6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      6.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). With respect to documents containing Protected Material produced in native format, the Designating Party shall include the appropriate designation at the end of the filename for each document.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: The Parties and any participating Non-Parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Until the expiration of the 30-day period for designation, any deposition transcript shall be treated as if it had been designated "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" in its entirety, unless otherwise agreed.

If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words

"CONFIDENTIAL " or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A Party challenging a designation must provide the Bates number for each item of Protected Material being challenged.

7.2     Meet and Confer. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable), or may use the

expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," that Party must:

(a) promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order from the court from which the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-CV-1113-TL - 10

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized access or disclosure, (b) investigate and report to Designating Party the scope of and circumstances of the unauthorized access or disclosure; (c) take immediate and reasonable steps to rectify the unauthorized access or disclosure, including using its best efforts to retrieve all unauthorized copies of the Protected Material and instituting additional security to prevent any further access or disclosure, (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (e) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED  MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  This Order invokes the protections afforded by Fed. R. Evid. 502(b) and 502(d).

**11.    NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each Receiving Party must destroy all Protected Material, including all copies, extracts and summaries thereof.

The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has used reasonable efforts to destroy copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

1  Notwithstanding this provision, Counsel are entitled to retain one archival copy of all
2  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
3  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert
4  work product, even if such materials contain Protected Material.  Any such archival copies that
5  contain or constitute Protected Material remain subject to this Stipulated Protective Order.

6  Even after final disposition of this litigation, the confidentiality obligations imposed by
7  this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a
8  court orders otherwise.

9  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  June 29, 2023

DAVIS WRIGHT TREMAINE LLP
Attorneys for Microsoft Corporation


By: *s/ Bonnie E. MacNaughton*
Bonnie E. MacNaughton, WSBA #36110
Xiang Li, WSBA #52306
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Tel:       (206) 622-3150
Fax:      (206) 757-700
Email:    bonniemacnaughton@dwt.com
              xiangli@dwt.com

John D. Freed, *admitted pro hac vice*
Megan C. Amaris, *admitted pro hac vice*
50 California Street, 23rd Floor
San Francisco, California 94111
Tel:       (415) 276-6500
Fax:      (415) 276-6599
Email:    jakefreed@dwt.com
              meganamaris@dwt.com

DATED: June 29, 2023

DORSEY & WHITNEY LLP
Attorneys for The Search People Enterprises Ltd. and Mehtabjit Singh Teja

By: *s/ Madeline Hepler*
Madeline Hepler, WSBA 51597
hepler.madeline@dorsey.com
Erin Kolter, WSBA 53365
kolter.erin@dorsey.com
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104
(206) 903-8800

# ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: July 5, 2023

Tana Lin
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington in the case of ***Microsoft Corporation v. The Search People Enterprises Ltd, et al.*, Case No. 2:22-cv-1113-TL**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____