UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>THE SEARCH PEOPLE ENTERPRISES LTD., a British Columbia, Canada, corporation; MEHTABJIT SINGH TEJA, a/k/a RONNIE TEJA, an individual; and DOES 1-10,<br><br>　　　　　　　Defendants. | CASE NO. 2:22-cv-01113-TL<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

Plaintiff Microsoft Corporation has sued The Search People Enterprises Ltd. ("TSPE") and its owner, Mehtabjit Singh Teja (a/k/a Ronnie Teja), over their distribution of software product activation keys and tokens. This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. Dkt. No. 61. Having reviewed Defendants' response (Dkt. No. 66), Plaintiff's reply (Dkt. No. 70), and the relevant record, and having heard oral argument (Dkt. No. 76), the Court GRANTS the motion.

## I.   BACKGROUND

Plaintiff develops and licenses computer software programs protected by copyright. Dkt. No. 1 (complaint) ¶¶ 20–22. One method of distribution is through digital downloads on Microsoft.com and other authorized digital vendors. *Id.* ¶ 20. Because Plaintiff's software is capable of being installed on an unlimited number of computers, Plaintiff relies on technology tools like product activation keys to protect its software from unauthorized use, counterfeiting, and other misuse. *Id.* ¶¶ 25–26. A product activation key is a 25-character alphanumeric string generated by Plaintiff and used for activating Plaintiff's software. *Id.* ¶¶ 24, 27. A product activation key is not a software license, nor does it constitute authorization from Plaintiff to access or use software without a license. *Id.* ¶ 26. Plaintiff does not provide product activation keys separate from licensed software, nor does it authorize others to do so. *Id.*

Plaintiff alleges that Defendants distribute Plaintiff's product activation keys that Defendants obtain on the black market and then falsely advertise and sell to customers as genuine Plaintiff software. *Id.* ¶¶ 2–3. In numerous pre-suit test purchases, Plaintiff received from Defendants a decoupled key with instructions to download copyright-protected software from a website and use the key to activate it. *Id.* ¶¶ 31–48. Plaintiff brings claims for contributory copyright infringement (*see id.* ¶¶ 49–57) as well as various claims under the Lanham Act (*see id.* ¶¶ 58–87).

Both Defendants assert the affirmative defense of the "first sale" doctrine. *See* Dkt. No. 9 (Defendant TPSE's Answer) at 11; Dkt. No. 18 (Defendant Teja's Answer) at 11. Plaintiff brings the instant motion for summary judgment on that defense. *See* Dkt. No. 61. Defendants oppose. *See* Dkt. No. 66. On January 21, 2025, the Court heard oral argument on the motion. Dkt. No. 76.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inquiry turns on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

The court must draw all justifiable inferences in favor of the non-movant. *Id.* at 255. The court does not make credibility determinations or weigh evidence at this stage. *Munden v. Stewart Title Guar. Co.*, 8 F.4th 1040, 1044 (9th Cir. 2021); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("[W]here the facts specifically averred by [the non-moving] party contradict facts specifically averred by the movant, the [summary judgment] motion must be denied.").

If the non-movant bears the burden of proof at trial, the movant only needs to show an absence of evidence to support the non-movant's case. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once such a showing is made, the burden shifts to the non-movant to show more than the mere existence of a scintilla of evidence in support of its case—the party must show sufficient evidence that a jury could reasonably find for the non-movant. *Id.* (citing *Anderson*, 477 U.S. at 252). Even if the non-movant does not have the burden of proof at trial, it must nonetheless show that a genuine issue of material fact exists by presenting evidence in its favor. *F.T.C. v. Stefanchik*, 559 F.3d 924, 929–30 (9th Cir. 2009) (affirming summary judgment for plaintiff where defendants failed to show significantly probative evidence to dispute plaintiff's evidence).

In short, the Federal Rules of Civil Procedure "mandate[] the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322 (citing Fed. R. Civ. P. 56(c)).

### III.  DISCUSSION

**A.  Copyright Act**

The federal Copyright Act grants "the owner of copyright under this title" certain "exclusive rights," including the right of reproduction ("to reproduce the copyrighted work in copies or phonorecords") and the right of distribution ("to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending"). 17 U.S.C. § 106(1), (3). "Copies" are "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 101. "A work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." *Id.*

However, the Copyright Act also limits the rights of copyright holders. Relevant to the instant motion, the so-called "first sale" doctrine, codified at 17 U.S.C. § 106(3), limits the right of distribution by providing that "the owner of a particular copy or phonorecord lawfully made under [the Act], or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord." 17 U.S.C. § 109(a). In other words, "once the copyright owner places a copyrighted item in the

stream of commerce . . . , he has exhausted his exclusive statutory right to control its distribution." *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1179 (9th Cir. 2011) (quoting *Quality King Distribs., Inc. v. L'anza Rsch. Int'l, Inc.*, 523 U.S. 135, 152 (1998)).

Finally, "[i]n the context of a summary judgment motion in a software case, . . . the party asserting a first sale defense must come forward with evidence sufficient for a jury to find lawful acquisition of title, through purchase or otherwise, to genuine copies of the copyrighted software." *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1079 (9th Cir. 2015). "To the extent that the copyright holder claims that the alleged infringer could not acquire title or ownership because the software was never sold, only licensed, the burden shifts back to the copyright holder to establish such a license or the absence of a sale." *Id.*

**B.   Application**

Plaintiff argues that the first sale doctrine does not apply to this matter for three reasons: (1) the doctrine does not apply to Defendants' sale of product keys, which are not copies of a copyrightable work (*see* Dkt. No. 61 at 13–15); (2) the doctrine does not apply because downloads of software constitute reproduction, rather than redistribution, of Plaintiff's software (*see id.* at 15–17); and (3) the doctrine does not apply to digital copies of software (*see id.* at 11–13). In response, Defendants argue that Plaintiff's contributory copyright claim fails if the product keys are not copyrightable (*see* Dkt. No. 66 at 12–14) and that this Court should not rule that the doctrine is inapplicable to digital copies (*see id.* at 14–16).[1] The Court finds that the first sale doctrine is inapplicable as a matter of law.

---

[1] Defendants also argue that Plaintiff's motion fails because Plaintiff does not offer any admissible evidence to support its motion. *See* Dkt. No. 66 at 6–12. But Defendants misapprehend the Parties' respective burdens on this motion. As noted above, *see supra* Section II, if the non-movant bears the burden of proof at trial, the movant only needs to show an absence of evidence to support the non-movant's case. *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). "The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief." *Perez v. Gordon & Wong Law Grp., P.C.*, No. C11-3323, 2012 WL 1029425, at *7 (N.D. Cal. Mar. 26, 2012) (citing *Kanne v. Conn. Gen. Life Ins. Co.*, 867

1    First, the Court agrees with Plaintiff that the first sale doctrine does not apply to the sale of product keys because they are not copyrightable works. *See* Dkt. No. 61 at 13–15. At most, Plaintiff's product keys—the material being redistributed—appear to be a "technological measure" that controls access to the software, which are the actual copyrighted works. Dkt. No. 1 ¶¶ 20–30; 17 U.S.C. § 1201(a)(3)(B); *see Microsoft Corp. v. Pronet Cyber Techs., Inc.*, No. C08-434, 2008 WL 11517434, at *5 (E.D. Va. Dec. 5, 2008) (concluding that "Microsoft's requirement of a valid Product Key is a technological measure that effectively controls the works at issue, which are protected by valid copyrights."); *Microsoft Corp. v. A&S Elecs., Inc.*, No. C15-3570, 2017 WL 976005, at *1 (N.D. Cal. Mar. 14, 2017) ("[T]he parties have agreed that, because Microsoft product keys are not copyrightable works, and therefore the sale of cards containing the product keys would not be a sale of a copyrighted work, the first sale doctrine does not apply to the alleged sale of such product keys . . . ."). Defendants assert that if the product keys are not copyrightable, then Plaintiff's claims for copyright infringement fail. *See* Dkt. No. 66 at 12–14. However, Plaintiff's claim is for *contributory* copyright infringement, with the allegedly unlawful sale of the product keys by Defendants contributing to the copyright infringement by their users who ultimately download the software (or the copyrighted work). *See* Dkt. No. 1 ¶¶ 49–57.

---

F.2d 489, 492 n.4 (9th Cir. 1988)). Thus, where a plaintiff is moving for summary judgment on an affirmative defense, "plaintiff need not provide any evidence. It may simply point out the absence of evidence from the defendant." Karen L. Stevenson & James E. Fitzgerald, Rutter Grp. Prac. Guide: Fed. Civ. Proc. Before Trial (Cal. & 9th Cir. ed.) (April 2024 update) § 14:140. Here, Plaintiff is moving for summary judgment on an affirmative defense, and it has pointed out the absence of evidence from Defendants to support that defense (the first sale doctrine). *See generally* Dkt. No. 61. The burden is thus initially on Defendants to "come forward with evidence sufficient for a jury to find lawful acquisition of title, through purchase or otherwise, to genuine copies of the copyrighted software." *Christenson*, 809 F.3d at 1079.

However, since the Court finds that the first sale doctrine is inapplicable to this case as a pure matter of law, the *Christenson* burden-shifting framework does not apply.

  Second, the Court agrees with Plaintiff that the first sale doctrine does not apply because the download of its software by Defendants' customers constitutes reproduction, and not redistribution, of a copyrighted work. By the text of the Copyright Act, the doctrine protects "the owner of *a particular copy*" of a copyrighted work, who is permitted "to sell or otherwise dispose of the possession of *that copy*." 17 U.S.C. § 109(a) (emphases added). But when a customer downloads a copy of Plaintiff's software, they are creating a new copy—in other words, reproducing the software. Dkt. No. 1 ¶¶ 20–21, 24, 27. They are not receiving a "particular copy" from a prior owner; no software is changing hands. These facts put this case outside the ambit of the first sale doctrine, which applies only to the distribution of copyrighted works. *See, e.g.*, *Disney Enters., Inc. v. Redbox Automated Retail LLC*, No. C17-8655, 2018 WL 1942139, at *9 (C.D. Cal. Feb. 20, 2018) ("Because no particular, fixed copy of a copyrighted work yet existed at the time Redbox purchased, or sold, a digital download code, the first sale doctrine is inapplicable to this case.").

  Third, there is extra reason for the Court to be cautious here. As Plaintiff points out (*see* Dkt. No. 61 at 11–13), courts and other authorities have concluded that Section 109 does not apply to the distribution of digital works (separated from hardware) and have declined to extend the doctrine accordingly. *See, e.g.*, *Capitol Recs., LLC v. ReDigi Inc.*, 934 F. Supp. 2d 640, 655 (S.D.N.Y. 2013) ("[T]he first sale defense is limited to material items, like records, that the copyright owner put into the stream of commerce."), *aff'd*, 910 F.3d 649 (2d Cir. 2018); *Redbox Automated Retail, LLC v. Buena Vista Home Ent., Inc.*, 399 F. Supp. 3d 1018, 1033 (C.D. Cal. 2019) ("The first sale doctrine applies to 'particular' copies that exist in the material world."); 2 Nimmer on Copyright § 8.13 (2024) ("[T]he digital reach of the first sale doctrine at present is to a particular 'computer, hard disk, iPod, or other memory device onto which the file was originally downloaded,' not to the file itself."). Indeed, in 2001, the Copyright Office

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

recommended to Congress that the first sale doctrine not be extended to the distribution of digital works. *See* U.S. Copyright Office, Library of Cong., Digital Millennium Copyright Act § 104 Report (2001) ("DMCA Report"). The office concluded "that § 109 does not apply to otherwise unauthorized digital transmissions of a copyrighted work, reasoning that such transmissions cause the recipient to obtain a new copy of the work." *Capital Recs.*, 910 F.3d at 659 (citing DMCA Report at 79–80). This collective understanding appears undisturbed by Congress, or the United States Supreme Court or, indeed, *any other* authority, making Defendants' assertion of this defense an extraordinary ask of this Court to apply Section 109 in a novel way. Defendants make policy arguments for such an application (*see* Dkt. No. 66 at 14–16), but those arguments fail against the statute, caselaw, and congressional inaction.

### IV. CONCLUSION

Accordingly, Plaintiff Microsoft Corporation's Motion for Partial Summary Judgment (Dkt. No. 61) is GRANTED.

Dated this 23rd day of January 2025.

Tana Lin
United States District Judge