UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation,<br><br>                    Plaintiff,<br>     v.<br><br>THE SEARCH PEOPLE ENTERPRISES LTD., a British Columbia, Canada, corporation; MEHTABJIT SINGH TEJA, a/k/a RONNIE TEJA, an individual; and DOES 1-10,<br><br>                    Defendants. | CASE NO. 2:22-cv-01113-TL<br><br>ORDER ON MOTIONS |

This matter is before the Court on the Parties' Cross-Requests for Affirmative Relief ("Motions"), filed together with their respective responses via the Expedited Joint Motion Procedure set forth in Local Civil Rule 37(a)(2). Dkt. No. 93. Having reviewed the motions and responses, the accompanying declarations (Dkt. Nos. 94–98), and the relevant record, and finding oral argument unnecessary, Local Civil Rule 7(b)(4), the Court GRANTS IN PART and DENIES IN PART Defendants' Motion (Dkt. No. 93 at 3–15) and DENIES Plaintiff's Motion (*Id*. at

ORDER ON MOTIONS - 1

16–24).

Defendants assert that Microsoft's Rule 30(b)(6) designee, Laura Coulter, was inadequately prepared on Topics 1 and 2 of their deposition notice and that Plaintiff must be sanctioned for the time Defendants' counsel spent in the deposition and preparing the instant motion as well as the costs of the initial deposition. Dkt. No. 93 at 15. Defendants also request the Court order Plaintiff to present a witness who is adequately prepared to testify on Topics 1 and 2 for an additional two-hour deposition. *Id.* Defendants assert that Ms. Coulter did not speak with anyone other than counsel to prepare for her deposition and that she was "coached to waste as much time as possible of the seven hour deposition," citing multiple examples where the witness would wait an "inordinate amount of time and then ask for the question to be rephrased." Dkt. No. 93 at 7–8. Immediately after the deposition, Defendants' counsel reached out to Plaintiff's counsel to meet and confer regarding the adequacy of testimony on four topics (Topics 1, 2, 4, and 5).[1] *Id.* at 8. While the parties reached agreement on a stipulation as to Topics 4 and 5, they could not reach agreement on Topics 1 and 2. *Id.*

Plaintiff responds that Ms. Coulter spent approximately forty hours preparing for the deposition and was well qualified by both this dedicated preparation and her years of experience supporting Microsoft to testify as to Topics 1 and 2. Dkt. No. 93 (Plaintiff's Response) at 26–27. Plaintiff explains that Ms. Coulter "paused before answering questions to ensure that she testified accurately under oath, given that it was her first deposition, she was nervous, and she experiences auditory processing challenges." Dkt. No. 93 at 29; *see also* Dkt. No. 95 ¶¶ 3–4 (Declaration of Laura Coulter). Ms. Coulter clarifies that she experiences "auditory processing challenges when communicating via video conference," and that "the difficulty was compounded

---

[1] "Topics 1, 2, 4, and 5" correspond respectively to Topics 3, 4, 8, and 9 of Defendants' First Amended Deposition Notice (Dkt. No. 97-6). Dkt. No. 93 at 3.

ORDER ON MOTIONS - 2

in the deposition because I was not able to see defense counsel's mouth while he spoke. Instead, the view of his face was relegated to a small image in the corner of the screen, which at times contributed to the length of pauses needed for comprehension." *Id.* ¶ 4. Plaintiff contends that Ms. Coulter testified knowledgeably and competently and that Plaintiff, not Defendants, should be awarded attorney fees for "time incurred in defending this frivolous motion." Dkt. No 93 at 25–26.

In its own Motion, Plaintiff stresses Ms. Coulter's extensive preparation for the deposition—devoting approximately 40 hours, reviewing approximately 100 documents, and meeting with counsel to prepare for her testimony—and accuses Defendants of forcing Plaintiff to devote "countless hours" to preparing its witness on all the thirteen Rule 30(b)(6) topics when Defendants only addressed five—or fewer than half—of the noticed topics. Dkt. No. 93 (Plaintiff's Motion) at 16, 19; *see also* Dkt. No. 95 ¶ 2. Citing the Court's prior warning that it was willing to "entertain a motion for the costs of preparation for any topics not addressed," Plaintiff moves for an award equal to its fees and costs incurred in preparing for those noticed topics that were not addressed in the deposition. *Id.* at 16–17 (quoting Dkt. No. 83 at 9). Defendants respond by citing passages from the deposition transcript that purportedly demonstrate coverage of the contested topics. Dkt. No. 93 (Defendants' Response) at 33–36. Additionally, Defendants point out that topic coverage was limited by Ms. Coulter's unusually long pauses and assert that Plaintiff should have been forthcoming about Ms. Coulter's auditory processing challenges and the difficulties likely to arise in a remote deposition. *Id.* at 37–38. Defendants request sanctions for Plaintiff's "attempt to misrepresent the objective facts[.]" *Id.* at 38.

Rather than go tromping through a blow-by-blow of the liberties each side took with representations made in the briefing, the Court will cut to the chase. Suffice it to say that the

ORDER ON MOTIONS - 3

Court found both parties made representations that either oversimplified complex facts or simply were not borne out upon an examination of the record.

The Court remains troubled at the late date at which Defendants requested a Rule 30(b)(6) deposition and recalls that it expressed skepticism at the number of topics Defendants could cover in a seven-hour deposition. *See* Dkt. No. 83 at 8–9. Nonetheless, upon the Court's review of the deposition transcript excerpts provided, it appears that Defendants did touch upon most of the topics listed in their revised notice.

What concerns the Court now is that Plaintiff chose to present an individual for a Rule 30(b)(6) video deposition whom it knew to be a first-time witness with auditory processing challenges, without informing Defendants of those circumstances. As for whether these factors can account for slowing the deponent down so significantly, the Court will not hypothesize about that. Here, Plaintiff should have known that their chosen representative's combination of inexperience *and* auditory processing challenges would certainly slow down the deposition and affect the amount of material that could be covered in a seven-hour period—especially because the deposition was going to be taken via video conference. Plaintiff's counsel should have notified Defendants' counsel to alert them of the situation so they could work out possible accommodations in advance or so, at minimum, Defendants could decide whether it would be better to hold the deposition in person.

The Court also finds Plaintiff interprets Topics 1 and 2 too narrowly. Both topics included "Microsoft's technical ability" with regard to denying activation or deactivating of the Subject Software. Dkt. No. 93 at 3; Dkt. No. 97-6 (Defendants' First Amended Deposition Notice) at 5, ¶¶ 3–4. Ms. Coulter was unable to answer questions about these subjects, testifying that she did not "know the technical process and programming" or "what the limitations would be on a technical side." Dkt. No. 93 at 7. If Plaintiff felt the topic was too broad or was uncertain

as to the breadth of the topic, it should have sought clarification and/or moved for a protective order in advance of the deposition as it had previously done. While the deponent spent significant time preparing for the deposition, the Court is also troubled that she apparently was only instructed to review documents and did not speak to any individuals with direct knowledge in advance upon discovering that she did not know "everything she needed to know to determine the technical programming that Microsoft would use to block activation of an unauthorized key." Dkt. No. 93 at 7; *see also* Dkt. No. 94-3 at 13 (Excerpt of Deposition Transcript).

Accordingly, the Court ORDERS as follows:

1. Defendants' request for two additional hours to depose a Rule 30(b)(6) deponent on Topics 1 and 2 is GRANTED. However, as the Court also finds that the large number of topics that Defendants chose to pursue also contributed to their need for additional time, the Court DENIES Defendants' request for fees and costs.

2. As the Court finds that (a) Defendants covered most of their topics despite the unexpected delays, and (b) Defendants were justified in bringing their motion, the Court DENIES Plaintiff's requests for fees and costs.

3. Plaintiff SHALL address how, if at all, this Order affects Plaintiff's pending Motion for Summary Judgment in its response to Defendants' Motion to Allow Additional Briefing (Dkt. No. 107), and Defendants SHALL address the same in their reply brief.

Dated this 20th day of May 2025.

Tana Lin
United States District Judge